O

# United States District Court
# Central District of California

| | |
|---|---|
| CHRIS LANGER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ELSINORE PIONEER LUMBER COMPANY; and DOES 1–10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:14-cv-08293-ODW-PLAx<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ELSINORE PIONEER LUMBER COMPANY [14]** |

## I.　INTRODUCTION

Plaintiff, Chris Langer, is disabled. (Compl. ¶ 1.) On October 27, 2014, Langer filed suit against Defendant, Elsinore Pioneer Lumber Company ("Elsinore Pioneer"), for failing to provide and maintain handicap-accessible parking spaces at its store. (ECF No. 1.) Elsinore Pioneer failed to answer, default was entered, and Langer now moves for entry of default judgment. (ECF Nos. 12, 14.) For the reasons discussed below, the Court **GRANTS** Langer's Motion. (ECF No. 14.)

## II.　FACTUAL ALLEGATIONS

Langer is a paraplegic who uses a wheelchair for mobility. (Compl. ¶ 1.) Langer has a disabled person parking placard and a "specially equipped van with a ramp that deploys out of the passenger side of his van." (*Id.*) In January 2014, Langer

went to Elsinore Pioneer's store, Pioneer Lumber, to purchase tools. (*Id.* ¶ 7.) Langer alleges there were no compliant handicap-accessible parking spaces provided. (*Id.* ¶ 10.) "This inaccessible condition," Langer alleges, "denied [him] full and equal access and caused him difficulty and frustration." (*Id.* ¶ 13.)

On October 27, 2014, Langer filed a Complaint in federal court alleging violations of the Americans with Disabilities Act ("ADA"), the Unruh Civil Rights Act, the California Disabled Persons Act, and negligence. (*Id.* ¶¶ 18–32.) Proof of Service for Elsinore Pioneer Lumber Company was filed on December 16, 2014. (ECF No. 14.) The Court determined Langer properly served Elsinore Pioneer on December 10, 2014, requiring them to answer by December 31, 2014. (ECF No. 9.) Elsinore Pioneer failed to respond. (ECF No. 12.) Consequently, default was entered on January 6, 2015. (*Id.*)

On January 13, 2015, Langer filed this Application for Default Judgment. Langer alleges that Elsinore Pioneer's failure to provide and maintain a handicap-accessible parking space violated the ADA and the Unruh Civil Rights Act. Accordingly, Langer seeks (1) injunctive relief under the ADA compelling Elsinore Pioneer to provide handicap-accessible parking in compliance with the ADA and the Unruh Civil Rights Act, (2) damages under the Unruh Civil Rights Act for the statutory minimum of $4,000, and (3) attorney fees and costs in the amount of $3,735 under both the ADA and the Unruh Civil Rights Act pursuant to 42 U.S.C. § 12205 and California Civil Code section 52(a). (ECF No. 14.)

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 55(b) authorizes a district court to grant default judgment after the Clerk enters default under Rule 55(a). Local Rule 55-1 requires that the movant submit a declaration establishing (1) when and against which party default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is a minor, incompetent person, or active service member; and (4) that the defaulting party was properly served with notice.

A district court has discretion whether to enter default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Upon default, the defendant's liability generally is conclusively established, and the well-pleaded factual allegations in the complaint are accepted as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–19 (9th Cir. 1987) (per curiam) (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)).

In exercising its discretion, a court must consider several factors, including (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether the defendant's default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

Upon violation of either the ADA or the Unruh Civil Rights Act, the violating party is liable for attorney fees and costs under 42 U.S.C. § 12205 or California Civil Code section 52(a). Where, on application for default judgment, a party seeks attorney fees and costs pursuant to a statute, those fees are calculated in accordance with the schedule provided by the court. L.R. 55-3. However, Local Rule 55-3 also permits the court to award attorney fees in excess of the schedule if requested by the party's attorney at the time of the entry of default judgment. *Id.*

## IV.  DISCUSSION

**A.  Notice**

Langer properly served Elsinore Pioneer on December 10, 2014. (ECF No. 9.) Federal Rule of Civil Procedure 4(h)(1)(A) provides that a corporation may be served by the manner prescribed by Rule 4(e)(1).

Langer's process server attempted to personally serve Sterling Smith, an agent for service of process, on three different occasions at his home. (*Id.*) On December 5, 2014, pursuant to California Code of Civil Procedure section 415.20, upon his third

unsuccessful attempt, the process server left copies of the Summons and Complaint with an adult who identified herself as a co-occupant of the home. (*Id.*) In addition, on December 10, 2014, the process server mailed copies of the Summons and Complaint to Defendant. (*Id.*)

Since Langer's process server performed all requirements provided by California Code of Civil Procedure section 415.20, the Court finds that service was proper.

**B.** *Eitel* **Factors**

The Court finds that the *Eitel* factors weigh in favor of default judgment.

### *1.* *Langer Would Suffer Prejudice*

If the Court does not grant default judgment, the case will be at a standstill. Elsinore Pioneer had ample opportunity to participate in the adjudicatory process and help the Court resolve this matter.

### *2.* *Langer Has Brought Meritorious Claims*

Title III, ADA Claim

Langer established that Elsinore Pioneer violated Title III of the ADA. Title III prohibits any "place of public accommodation" from discriminating against a disabled person "in the full and equal enjoyment of . . . goods, services, facilities, privileges, advantages, or accommodations." (ECF No. 14.)

To succeed on his Title III, ADA claim, Langer must establish that (1) he is "'disabled within the meaning of the ADA'"; (2) that Elsinore Pioneer "'is a private entity that owns, leases, or operates, a place of public accommodation'"; (3) that he was denied public accommodation by Elsinore Pioneer because of his disability; (4) that the parking lot at Pioneer Lumber "presents an architectural barrier prohibited under the ADA"; and (5) "the removal of the barrier is readily achievable." *Vogel v. Rite Aid Corp.*, 992 F.Supp.2d 998, 1007–08 (C.D. Cal. 2014) (citing *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007) and *Parr v. L&L Drive-Inn Rest.*, 96 F.Supp.2d 1065, 1085 (D.Haw. 2000)). Langer established these requirements.

First, Langer is disabled within the meaning of the ADA. Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A). The ADA lists "walking" and "standing" as "major life activities." *Id.* § 12102(2)(A). Langer is a paraplegic and thus clearly disabled under this definition. *See Vogel*, 992 F.Supp.2d at 1009 (holding paraplegic plaintiff was disabled within the meaning of the ADA).

Second, Langer established that Elsinore Pioneer is a private entity that owns a place of public accommodation, Pioneer Lumber. The ADA specifically lists "hardware store" and "other sales or rental establishment[s]" as "private entities considered public accommodations." 42 U.S.C. § 12181(7)(E).

The Court analyzes the third and fourth elements together. Langer established that he was denied public accommodation by Elsinore Pioneer because it failed to provide handicap-accessible parking spaces. Elsinore Pioneer's failure to provide handicap-accessible parking spaces presented an "architectural barrier."

"Whether a facility is 'readily accessible' [to disabled persons] is defined, in part, by the ADA Accessibility Guidelines" ("ADAAG"). *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). The ADAAG "provides the objective contours of the standard that architectural features must not impede disabled individuals' full and equal enjoyment of accommodations." *Id.* Accordingly, "[b]ecause the ADAAG establishes the technical standards required for 'full and equal enjoyment,' if a barrier violating these standards relates to a plaintiff's disability, it will impair the plaintiff's full and equal access, which constitutes 'discrimination' under the ADA." *Id.* at 947.

Here, Langer alleges that Elsinore Pioneer failed to provide and maintain handicap-accessible parking in violation of the ADAAG. (ECF No. 14.) ADAAG section 4.1.2(5)(a) requires facilities that offer parking to provide *at least* one handicap-accessible parking space that conforms to the guidelines' specifications. Moreover, ADAAG section 4.1.2(5)(b) requires that "[o]ne in every eight accessible

spaces, *but not less than one*, shall be . . . designated 'van accessible.'" *Id.* (emphasis added). From the pictures provided by Langer of Pioneer Lumber's parking lot (ECF No. 14, Ex. 7), it appears that no such spaces are provided. Elsinore Pioneer failed to produce any evidence that it provides handicap-accessible parking spaces in accordance with the ADAAG. Therefore, it presented Langer with an architectural barrier prohibited under the ADA.

Fifth, Langer established removal of the barrier is "readily achievable." The Court finds removal of the barrier readily achievable for two reasons. First, "[u]nder 28 C.F.R. section 36.304(b), examples of readily achievable steps to remove barriers include . . . *creating designated accessible parking spaces*." *Vogel*, 992 F.Supp.2d at 1011 (emphasis added). Second, because Elsinore Pioneer failed to answer Langer's Complaint, Langer's "allegation that removal of the barriers was readily achievable is sufficient to satisfy [his] burden of production." *Id.* at 1011. In his Complaint, Langer alleges that Elsinore Pioneer "exercised control and dominion over the conditions at [Pioneer Lumber] and, therefore, . . . had the means and ability to make the change." (Compl. ¶ 17.)

Langer argues that "[w]hether or not the removal of these barriers is 'readily achievable' is an affirmative defense that is waived unless raised." (ECF No. 14.) (citing *Wilson v. Haria and Gogri Corp.*, 479 F.Supp.2d 1127, 1133 and fn.7 (E.D. Cal. 2007). However, as noted in *Wilson* and in later cases (*see Vogel*, 992 F.Supp.2d at 1010), the Ninth Circuit has not yet ruled which party has the burden of proof to show that removal of a barrier is readily achievable. Many California district courts apply the "Tenth Circuit's burden-shifting framework." *Vogel*, 992 F.Supp.2d at 1010. Under this approach, the plaintiff has the initial burden of showing that removal of the barrier is readily achievable. *Id.* (*citing Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999, 1066 (10th Cir. 2001). "If the plaintiff makes this showing, the burden shifts to the defendant who 'bears the ultimate burden of persuasion.'" *Id.* (citing *Colorado Cross Disability*, 264 F.3d at 1066). Because the

Ninth Circuit is silent on this issue, the Court declines to decide whether the burden falls on the defendant as an affirmative defense.

Unruh Civil Rights Act Claim

The Court determined that Langer established a meritorious ADA claim, so it necessarily follows that Langer also established a meritorious claim under the Unruh Civil Rights Act. As the court in *Vogel* acknowledged, "[a] violation of the ADA necessarily violates the Unruh Act." *Vogel*, 992 F.Supp.2d at 1011 (citing Cal. Civ. Code §51(f) which states, "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 . . . shall also constitute violation of [the Unruh Civil Rights Act]."

### *3. The Amount at Stake Weighs in Favor of Default Judgment*

"The fourth *Eitel* factor balances 'the amount of money at stake in relation to the seriousness of the [d]efendant's conduct.'" *Vogel*, 992 F.Supp.2d at 1012 (quoting *PepsiCo Inc. v. Cal. Sec. Cans*, 238 F.Supp.2d 1172, 1176 (C.D. Cal. 2002)). Langer requests $7,735 in total. (ECF No. 14.) This sum includes the statutory minimum of $4,000 for damages under the Unruh Civil Rights Act,[1] and attorney fees and costs in the amount of $3,735. (*Id.*) Under his ADA cause of action, Langer is only entitled to injunctive relief. *Vogel*, 992 F.Supp.2d at 1012. While injunctive relief will require Elsinore Pioneer to spend money creating and designating a handicap-accessible parking spot, this amount is not factored into this analysis. *See id.* Under similar circumstances, the court in *Vogel* found that a damage award of $13,739.20 was reasonable. *Id.* (stating that defendant's "failure to show that he has complied with the ADA or Unruh Act[]" necessitated "statutory damages, attorneys' fees, and an injunction."). The court cited two federal California cases where the court found awards of $10,119.70 and $12,000 reasonable if not "'a relatively small award of damages.'" *Id.* (citing *Moore v. Cisneros*, No. 1:12-cv-00188 LJO SKO, 2012 WL

---

[1] California Civil Code section 52(a) provides that a defendant who violates the Unruh Civil Rights Act is liable for actual damages "in no case less than four thousand dollars."

6523017, at *4 (E.D. Cal. Dec. 13, 2012) and *Johnson v. Huynh*, No. CIV S-08-1189 JAM DAD, 2009 WL 2777021, at *2 (E.D. Cal. Aug. 27, 2009)). Therefore, the Court finds this factor weighs in favor of entry of default judgment.

### *4.  There is No Possibility of Dispute as to Material Facts*

Langer adequately alleged Elsinore Pioneer violated both the ADA and Unruh Civil Rights Act by describing the architectural barriers he encountered at Pioneer Lumber. Elsinore Pioneer failed to respond in any way to Langer's Complaint and forfeited any challenge to the material facts alleged in Langer's pleading. *See PepsiCo*, 238 F.Supp.2d at 1177 ("Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages"). Therefore, "no factual disputes exist that would preclude the entry of default judgment." *Vogel*, 992 F.Supp.2d at 1013.

### *5.  There is Little Possibility Default was Due to Excusable Neglect*

Langer's process server properly served Elsinore Pioneer with the Complaint and Summons pursuant to Federal Rule of Civil Procedure 4(h)(1)(A). (ECF No. 9.) Langer then filed the instant Motion and served Elsinore Pioneer by U.S. mail and email. (ECF No. 14, Ex. 14.) Elsinore Pioneer has not filed an opposition. This leaves little possibility that default was due to excusable neglect.

### *6.  Policy for Deciding on the Merits Weighs in Favor of Granting Default Judgment*

In *Eitel*, the court maintained that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472. However, where the defendant fails to answer the plaintiff's complaint, "a decision on the merits [is] impractical, if not impossible." *PepsiCo*, 238 F.Supp.2d at 1177 ("Under Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action"). The Court finds that this factor does not preclude entry of default judgment.

### C.   Attorney Fees and Costs

Langer requests $3,735 in attorney fees and costs.  (ECF No. 14.)  Langer is entitled to attorney fees under both the ADA and the Unruh Act.  Since the Court determined that these are both meritorious claims, Langer can recover fees under either 42 U.S.C. § 12205 or California Civil Code section 52(a).

Generally, in an application for default judgment, where attorney fees are sought pursuant to a statute, those fees are calculated in accordance with the schedule provided by the court.  L.R. 55-3.  However, Local Rule 55-3 permits an attorney to submit a written request at the time of entry of default judgment to request fees in excess of the schedule.  *Id.*  It is the Court's discretion to determine whether the fees requested are reasonable.

Here, Plaintiff's attorney, Mark Potter, has requested that the Court award attorney fees for an amount in excess of the schedule.  (ECF No. 14.)  The Court finds Potter's total requested fees of $3,735 reasonable.  Potter has been in practice for 21 years and has dedicated his practice exclusively to disability related issues.  (ECF No. 14, Ex. 4.)  He is well versed in this field, having traveled throughout California giving seminars concerning the rights and obligations under the ADA.  (*Id.*)  The Court finds his hourly rate of $425 reasonable.  Further, Potter states that he expended a total of 7.8 hours.  (*Id.*)  This includes communications with the client, researching public records, and drafting various documents—including the Complaint and the instant Motion.  (*Id.*)  The Court finds the amount of hours billed reasonable.  The Court also finds the $420 in costs requested by Potter reasonable.  (*Id.*); *see Vogel*, 992 F.Supp.2d at 1016 (holding that $419.20 in costs was reasonable).

### V.   CONCLUSION

The Court **ORDERS that Elsinore Pioneer create and designate** handicap-accessible parking at Pioneer Lumber in conformance with the specifications set forth in the ADAAG.  The Court also **AWARDS damages** against Elsinore Pioneer in the amount of $4,000 for violation of the Unruh Civil Rights Act **and attorney fees and**

9

**costs** in the amount of $3,735.  For the reasons discussed above, the Court **GRANTS** Langer's Motion for Default Judgment.  (ECF No. 14.)

**IT IS SO ORDERED.**

January 30, 2015

_____
                    **OTIS D. WRIGHT, II
          UNITED STATES DISTRICT JUDGE**

10